**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 98-20348
Summary Calendar
_____


BARRY JONES, et al.,

Plaintiffs,

KEITH MILLER; KELVIN MILLER; and LOUIS RAY, JR.,

Plaintiffs-Appellants,

VERSUS

PHYSICIAN SALES & SERVICES, INC.,
a/k/a Physician Sales & Service, Inc.;
THE GIBBONS COMPANY;
and
DOUG KARINS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-97-H-3555)
_____

September 16, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

The plaintiffs were employed by defendant Physician Sales & Services, Inc., which subsequently obtained evidence that the plaintiffs were involved in thefts. After one plaintiff was fired and the district attorney initiated criminal charges that later

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were dropped, plaintiffs sued on various theories, including malicious prosecution.

The only issue is whether the district court erred in entering summary judgment without granting plaintiffs' requests for discovery. In its order entered March 5, 1998, entitled "Opinion on Denial of Amendment of the Judgment," the district court carefully explained that it had required defendants to produce substantial amounts of discovery information to plaintiffs. The court explained, "The plaintiffs knew the operative facts when they filed the complaint, and they have had candid disclosure of the company's records, and yet they still cannot make out a prima facie case. Further discovery would be futile and wasteful."

Before entering judgment, the court held a hearing (on January 26, 1998). The transcript of that hearing reveals that, after listening to plaintiffs' counsel's request, the court carefully explained why the sought-after information was unnecessary. We note also that, faced with a pending motion for summary judgment, plaintiffs failed to make the particularized requests for discovery that FED. R. CIV. P. 56(f) requires.

There is no hint, from all that has ensued in this case, that plaintiffs ever could have established any cause of action. We see no error in the manner in which the district court enabled plaintiffs to obtain documents and other information. As the court observed, further proceedings would have been a waste of time.

Essentially for the reasons the district court provided in the above-referenced order and hearing, the judgment is AFFIRMED.